1

2

3

4

5

6

7

8                  IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   RUSSELL MECHANICAL, INC.,          NO.  MISC.S-01-0219 DFL DAD

12           Plaintiff,

13                                       ORDER
     v.
14
     KENNETH RICHARD PRUETT and
15   SUSAN MICHELLE PRUETT,

16           Defendants.
     _____/
17

18           This matter came before the court on November 18, 2005, for

19   hearing on plaintiff's motion for civil contempt sanctions due to

20   defendants' failure to appear at a judgment debtor examination as

21   ordered by the court.   Kelly S. Kern appeared on behalf of

22   plaintiff.  Nathaniel D. Potratz appeared on behalf of defendants.

23   After considering all written materials submitted with respect to the

24   motion, and after hearing oral argument, for the reasons discussed on

25   the record and set forth below, the court will continue the date of

26   /////

                                    1

the examinations sought by plaintiff to afford defendants a final

opportunity to fully comply with the court's orders.

### PROCEDURAL BACKGROUND

Plaintiff initiated this action by filing a certification

of judgment received from the United States Bankruptcy Court for the

District of Montana.  Pursuant to plaintiff's request, defendants

Kenneth Richard Pruett and Susan Michelle Pruett were ordered in

writing to appear for a judgment debtor examination on September 30,

2005, in Courtroom no. 27, the department of the undersigned

magistrate judge.  Defendants failed to appear as ordered.  Rather,

counsel for defendants appeared and represented to opposing counsel

and the courtroom deputy of the undersigned that defendants were on a

pre-paid vacation in Europe.  At that time the court, through its

courtroom deputy, directed the parties to reach a mutually agreeable

date to re-schedule the examinations.  This motion for civil contempt

sanctions followed due to counsel for plaintiff's suspicion that

defendants in fact were not on vacation as represented, a suspicion

which, according to plaintiff, was confirmed by a private

investigator who photographed Mr. Pruett outside of his home on

October 13, 2005.[1]

Plaintiff filed the instant motion on October 18, 2005.

Defendants filed their opposition through counsel on November 1,

2005.  Plaintiff's reply was filed on November 10, 2005.  Plaintiff

and defendants also appeared through counsel at the hearing.

---

[1] Defendants assert they returned from Europe on October 11, 2005.

1  Accordingly, the record indicates that all parties have been provided

2  with notice of these contempt proceedings.[2]

3  **LEGAL STANDARDS**

4  "'[C]ourts have inherent power to enforce compliance with

5  their lawful orders through civil contempt."' <u>Spallone v. United</u>

6  <u>States</u>, 493 U.S. 265, 276 (1990)(citation omitted); <u>see also</u> <u>United</u>

7  <u>States v. United Mine Workers of America</u>, 330 U.S. 258, 303-304

8  (1947); <u>United States v. Ayres</u>, 166 F.3d 991, 994 (9th Cir. 1999).  A

9  civil contempt sanction such as the one sought here is coercive,

10  designed to force the contemnor to comply with an order of the court

11  and must include a "purge" condition.  <u>Cunningham v. Hamilton County,</u>

12  <u>Ohio</u>, 527 U.S. 198, 207-08 (1999); <u>Ayres</u>, 166 F.3d at 997; <u>Whittaker</u>

13  <u>Corp. v. Execuair Corp.</u>, 953 F.2d 510, 517 (9th Cir. 1992).  To

14  support a judgment of contempt, the district court must find, based

15  on clear and convincing evidence, that the party violated the order;

16  the violation did not constitute "substantial compliance" with the

17  order; and the violation was not based on a good faith and reasonable

18  interpretation of the order.  <u>Ayres</u>, 166 F.3d at 994; <u>In re Dual-Deck</u>

19  /////

20

21  ────────────────

22  [2] In their opposition defendants argue that this court lacks jurisdiction to adjudge them in contempt, plaintiff having failed to personally serve defendants with the contempt motion.  In this

23  regard, counsel for defendants relies on statutory provisions and case law governing contempt proceedings in California state courts. This reliance is misplaced.  As the applicable legal standards set

24  forth below make clear, this is proceeding under this federal court's inherent power to enforce compliance with its lawful orders through

25  civil contempt.  Service of plaintiff's motion by mail upon defendants' counsel is fully effective.  <u>See</u> Fed. R. Civ. P. 5(b);

26  L.R. 5-135(f).

1   Video Cassette Recorder Antitrust Litig., 10 F.3d 693, 695 (9th Cir.
2   1993).

3        "Because civil contempt sanctions are viewed as nonpunitive
4   and avoidable, fewer procedural protections for such sanctions have
5   been required." Ayres, 166 F.3d at 995 (quoting International Union,
6   United Mine Workers of America v. Bagwell, 512 U.S. 821, 831 (1994).
7   Civil contempt "may be imposed in an ordinary civil proceeding upon
8   notice and an opportunity to be heard.  Neither a jury trial nor
9   proof beyond a reasonable doubt is required." Id. (quoting Bagwell,
10  512 U.S. at 827).  See also Thomas, Head and Greisen Employees Trust
11  v. Buster, 95 F.3d 1449, 1458 (9th Cir. 1996)(rejecting argument that
12  evidentiary hearing is required so that alleged contemnor may explain
13  why court should not make contempt finding).

14       A challenge to the validity of the order the contemnor is
15  alleged to have violated cannot excuse a failure to comply with that
16  order.  "It is a 'long-standing rule that a contempt proceeding does
17  not open to reconsideration the legal or factual basis of the order
18  alleged to have been disobeyed and thus become a retrial of the
19  original controversy.'" Ayres, 166 F.3d at 995 (quoting United
20  States v. Rylander, 460 U.S. 752, 756-57 (1983)).

21                              **ANALYSIS**

22       Plaintiff seeks an order adjudging defendants Kenneth
23  Richard Pruett and Susan Michelle Pruett in civil contempt for their
24  failure to comply with this court's orders directing each of them to
25  appear for a judgment debtor examination on September 30, 2005. (See
26  Orders filed August 22, 2005, Doc. nos. 17 (Kenneth Richard Pruett) &

                                    4

18 (Susan Michelle Pruett).)  As set forth above, defendants failed
to appear at their September 30, 2005, examinations.  This fact is
undisputed.  There also is no evidence of "substantial compliance"
with the court's order, In re Dual-Deck Video Cassette Recorder
Antitrust Litig., 10 F.3d at 695; "a present inability to comply,"
Ayres, 166 F.3d at 994; or any other defense against a finding of
contempt, and defendants asserts no such defense.[3]  Accordingly,
clear and convincing evidence demonstrates that defendants have
violated the court's August 22, 2005, orders.

Nonetheless, giving defendants the benefit of the doubt
regarding their vacation plans and their assumption that their
attorney had secured a continuance of the September 30, 2005
examinations, and considering that defendants are now represented by
counsel, the court will afford defendants one final opportunity to
appear for examination as directed by this court's orders filed
August 22, 2005.  In this regard, defendants will be ordered to
appear for their examinations on December 2, 2005, at 10:00 a.m.  If
defendants do not appear as ordered, it is the court's intention to
forthwith certify the facts to the assigned district and direct
defendants immediately to appear before the district judge on the
next available calendar to show cause why they should not be adjudged
in civil contempt and incarcerated as a coercive sanction until full

_____

[3] As noted above (see fn. 1, supra), defendants' assertion of
lack of notice is misplaced.  Defendants' contention that plaintiff
has failed to prove "willful disobedience" of the court's orders
"beyond a reasonable doubt" also misapprehends the nature of
plaintiff's motion.

1  compliance with the court's orders is achieved.  <u>See</u> 28 U.S.C.

2  636(e)(6)(B)(iii); <u>Jones v. J.C. Penney's Dept. Stores, Inc.</u>, 228

3  F.R.D. 190, 198 (W.D. N.Y. 2005).

4      "[I]n determining how large a coercive sanction should be

5  the court should consider the 'character and magnitude of the harm

6  threatened by continued contumacy, and the probable effectiveness of

7  any suggested sanction.'" <u>General Signal Corp. v. Donallco, Inc.</u>,

8  787 F.2d 1376, 1380 (9th Cir. 1986) (quoting <u>United Mine Workers</u>, 330

9  U.S. at 304).  In this regard, the court recognizes that defendants'

10 failure to comply with the court's orders allegedly is due to a

11 simple miscommunication between defendants, their counsel and

12 plaintiff's counsel.  Also, until recently defendants have been

13 proceeding pro se and they did not flout the court's orders

14 completely, at least appearing through counsel on September 30, 2005.

15 Nonetheless, defendants have failed to comply with orders of this

16 court issued nearly three months ago and may have made inconsistent

17 representations to opposing counsel with respect to their failure to

18 comply.  Accordingly, the court finds that incarcerating defendants,

19 in the event they do not appear as directed, is appropriate and

20 likely to effectuate compliance with the court's orders.  <u>See S.E.C.</u>

21 <u>v. Elmas Trading Corp.</u>, 824 F.2d 732 (9th Cir. 1987)(holding district

22 court did not abuse its discretion in adjudging party in civil

23 /////

24 /////

25 /////

26 /////

1   contempt and ordering him incarcerated until required documents

2   produced).[4]

3                              **CONCLUSION**

4          Accordingly, for the reasons set forth above IT IS HEREBY

5   ORDERED that:

6          1.  Plaintiff's motion for contempt sanctions is denied

7   without prejudice;

8          2.  Defendants will be afforded a final opportunity to

9   comply with this court's orders filed August 22, 2005.  In this

10  regard, defendants Kenneth Richard Pruett and Susan Michelle Pruett

11  are order to personally appear for their judgment debtor examinations

12  on December 2, 2005, at 10:00 a.m. in Courtroom no. 27; and

13         3.  If defendants do not appear as ordered, it is the

14  court's intention to forthwith certify the facts to the assigned

15  district and direct defendants immediately to appear before the

16  district judge on the next available calendar to show cause why they

17  should not be adjudged in civil contempt and incarcerated as a

18  coercive sanction until full compliance with the court's orders is

19  achieved.

20  DATED: November 18, 2005.

21

DAD:th
22  civil/russellmechanical.contempt.order
                                    DALE A. DROZD
                                    UNITED STATES MAGISTRATE JUDGE

23  _____

24      [4] The court has considered recommending the imposition of
    monetary sanctions against defendants for each day they continue to
25  fail to comply with the August 22, 2005, orders as well as sanctions
    to cover the expenses incurred by plaintiff in bringing this motion.
26  However, in the court's judgment such a coercive sanction is not
    likely to effectuate compliance with the court's orders.